JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV-15-02005-RGK-KKx | Date | November 25, 2015 |
|---|---|---|---|
| Title | *MAUREEN CRAWFORD v. SEARS HOMETOWN & OUTLETS STORES, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On August 20, 2015, Maureen Crawford ("Plaintiff") filed a class action against Sears Hometown & Outlet, Inc. ("Defendant") for wage and hour violations. In her Complaint, Plaintiff asserts state statutory claims relating to violations of the California Labor Code. Plaintiff's last claim arises under the Private Attorneys General Act ("PAGA").

On September 29, 2015, Defendant removed the action to federal alleging federal diversity jurisdiction under the Class Action Fairness Act ("CAFA"). Upon review of Defendant's Notice of Removal and supporting documents, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege the amount in controversy, the removing defendant must supply this jurisdictional fact in the Notice of Removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Plaintiff's Complaint does not allege the amount in controversy. In its Notice of Removal, Defendant attempts to supply the requisite jurisdictional facts by introducing evidence regarding the amount of penalties at issue for each claim. Defendant then aggregates each amount for a total of

$5,776,894, in potential damages, plus an estimated 25% in estimated attorneys fees.

    First, however, in arriving at this figure, Defendant makes unreasonable assumptions regarding the number of defective wage statements and number of pay periods for which potential class members may not have been timely paid. Second, and more significantly, Defendant aggregates PAGA penalties to satisfy federal jurisdiction. *See Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057 (9th Cir. 2015) (PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA); *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014)(PAGA is not sufficiently similar to Rule 23 to establish the original jurisdiction of a federal court under CAFA). Without the aggregated PAGA amounts, the amount in controversy does not reach $5,000,000.

    Based on the foregoing, the Court finds that Defendant has failed to satisfy its burden of proof as to amount in controversy for subject matter jurisdiction under CAFA. Therefore, the Court hereby **remands** the action to state court for all further proceedings.

    **IT IS SO ORDERED.**

                                                                          Initials of Preparer